IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 5981 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MULTI-TEMP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Acting *pro se*, plaintiff Michael Day filed an amended complaint against defendant Multi-Temps, Inc., alleging that defendant discriminated against plaintiff on the basis of his age, race and sex, in violation of the of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (2006) ("Title VII"). Defendant moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to timely serve defendant or, in the alternative, to dismiss plaintiff's sex discrimination claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the court denies defendant's motion to dismiss.

## BACKGROUND

Plaintiff was employed by defendant, a temporary employment agency located in Stone Park, Illinois. Plaintiff alleges that, beginning in July 28, 2006, defendant began a course of unlawful discrimination culminating in his constructive termination in November 2006. In summary, plaintiff alleges that he was not sent out for work at various factory jobs around Chicago because of his age, race and sex. On June 22, 2007, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"). On July 22, 2008, the EEOC mailed

plaintiff a Notice of Right to Sue. Plaintiff then delivered a complaint to the clerk for the United States District Court for the Northern District of Illinois on October 17, 2008, and the case was assigned to Judge Nordberg. That same day, plaintiff filed a motion for leave to file *in forma pauperis* ("IFP"). Thus, plaintiff did not pay the filing fee and no summons was issued. On September 9, 2009, the case was reassigned to this court, which promptly granted plaintiff's IFP application on October 29, 2009. On that date, a summons was issued to defendant. Plaintiff then filed an amended complaint on April 6, 2010. Defendant filed a motion to dismiss the amended complaint, alleging that plaintiff failed to effectuate proper service under Fed. R. Civ. P. 4(m) and failed to state a sex discrimination claim.

## DISCUSSION

**Rule 12(b)(5)**

Defendant moves to dismiss plaintiff's amended complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service was effectuated. *Cardenas v. City of Chicago*, No. 08 C 3174, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010). Under Fed. R. Civ. P. 4(m), a plaintiff must serve a defendant within 120 days of filing a complaint. That rule requires a court to dismiss the complaint if the plaintiff cannot show that service was made in that time. *Id.* If the plaintiff can show, however, that good cause existed for the failure to serve, the court will extend the time for service. *Id.*

In general, the 120-day service period in Rule 4(m) does not start running until a plaintiff pays the filing fee for a complaint. For example, in *Robinson v. America's Best Contact and Eyeglasses*, 876 F.2d 596, 597 (7th Cir. 1989), the plaintiff's complaint was deemed filed on the

2

date he paid the filing fee, even though he originally delivered the complaint to the clerk two months earlier. Because the plaintiff had filed an IFP petition with his complaint, the court held that the clerk merely "received" the complaint when it was originally presented and that it was not "filed" until the court denied the petition and plaintiff paid the filing fee. *Id.* at 597-98. Thus, the 120-day time limit did not begin to elapse until the complaint was "filed." *Id.*

There is an exception to this rule, however, when the statute of limitations has run prior to the disposition of an IFP petition. In *Benford v. Chicago Beverage Systems LLC*, No. 07 CV 6958, 2008 WL 4900212, at *1-*2 (N.D. Ill. Nov. 12, 2008), the court considered Northern District of Illinois Local Rule 3.3(d), which governs filing dates for IFP plaintiffs. That rule states that a complaint is considered filed when the judge grants the IFP petition "*except* that where a complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint *shall be* deemed to have been filed . . . as of the time the complaint was received by the clerk." *Id.* at *2 (emphasis in original) (quoting N.D. Ill. Local R. 3.3(d)). Since the plaintiff in *Benford* received a Notice of Right to Sue from the EEOC that gave him a ninety-day statute of limitations, and the plaintiff's IFP petition was granted after the statute of limitations had run, the court found that the exception in Local Rule 3.3(d)(2) applied. *Id.* Thus, the court considered the plaintiff's complaint filed at the time the clerk received it. *Id.*

This determination did not conclude the *Bedford* court's analysis, however. It noted that a court must extend time for service if good cause exists. *Id.* Moreover, the court may dismiss the case without prejudice or extend time for service, even without good cause, after examining five factors: 1) whether the statute of limitations would bar the refiled action; 2) whether the

defendant evaded service or concealed a defect in attempted service; 3) whether granting an extension of time in which to serve the defendant would prejudice the defendant's ability to defend the lawsuit; 4) whether the defendant had actual notice of the lawsuit; and 5) whether the defendant was actually served. *Id.* The court then found that the balance weighed heavily in favor of the plaintiff, since his ADEA claim would be time-barred if it he refiled it and the defendant had some notice of the claim due to the EEOC charges. *Id.* at 3.

The facts of *Bedford* resemble the instant case. Like *Bedford*, plaintiff received a Notice of Right to Sue from the EEOC and delivered his complaint along with his IFP petition within the ninety-day limit. His IFP petition was not granted until after the ninety-day statute of limitations expired. Thus, the exception found in Local Rule 3.3(d)(2) applies and his complaint is considered "filed" on the day the clerk of the court received it: October 17, 2008.

Because the complaint was considered "filed" on October 17, 2008, plaintiff failed to meet the 120-day requirement in Rule 4(m). The reason plaintiff failed to serve defendant in time, however, was the court's delay in ruling on his IFP petition. Thus, good cause exists for plaintiff's failure to meet the requirement of 4(m), and Defendant' motion to dismiss is denied.

**Rule 12(b)(6)**

Defendant also moves to dismiss plaintiff's sex discrimination charge because plaintiff allegedly failed to raise sex discrimination in his EEOC charges. When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court considers all well-pleaded allegations in the complaint as true and draws all inferences in a light most favorable to the plaintiff. *George v. Kraft Food Global, Inc.*, 674 F. Supp. 2d 1031, 1041 (N.D. Ill. 2009). Before a plaintiff can sue under Title VII, he must exhaust his administrative

remedies by filing a charge with the EEOC. *Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008). Thus, a Title VII plaintiff is generally limited to claims included in the EEOC charge. *McCoffney v. Vigo County Div. of Family and Children, Family and Soc. Servs. Admin.*, 389 F.3d 750, 752 (7th Cir. 2004).

In the present case, defendant argues that plaintiff failed to identify sex or gender discrimination in his EEOC charge. Plaintiff's amended complaint, however, alleges that the EEOC gave him leave to amend his discrimination charges to include sex discrimination in April 2008. Moreover, plaintiff attached a copy of his EEOC charge, marked as received in June 2008, that includes a charge of sex discrimination. Therefore, plaintiff exhausted his administrative remedies and defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

## CONCLUSION

For the reasons stated herein, defendant's motions to dismiss plaintiff's amended complaint are denied. Defendant is directed to answer the complaint on or before October 18, 2010. The status hearing set for September 28, 2010, is continued to October 21, 2010, at 9:00 a.m.

**ENTER:** September 23, 2010

_____
**Robert W. Gettleman
United States District Judge**

5